**BENDAU & BENDAU PLLC**
Clifford P. Bendau, II (AZ Bar No. 030204)
Christopher J. Bendau (AZ Bar No. 032981)
P.O. Box 97066
Phoenix, Arizona 85060
Telephone: (480) 382-5176
Fax: (480) 304-3805
Email: cliffordbendau@bendaulaw.com
      chris@bendaulaw.com
*Attorneys for Plaintiff*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| **Victoria Schuller**, individually and on behalf of all others similarly situated,<br><br>                Plaintiff,<br><br>v.<br><br>**John Jacobs Golf Schools, Inc.**, an Arizona Corporation, **Shelby Futch and Jane Doe Futch**, a married couple, and **Gordon Petrie and Jane Doe Petrie,** a married couple,<br><br>               Defendants. | No.<br><br>**COLLECTIVE AND CLASS ACTION COMPLAINT**<br><br>(**Demand for Jury Trial**) |

       Plaintiff, Victoria Schuller ("Plaintiff"), individually and on behalf of all other persons similarly situated, sues the Defendants, John Jacobs Golf Schools, Inc. ("Defendant John Jacobs"), Shelby Futch and Jane Doe Futch, and Gordon Petrie and Jane Doe Petrie (collectively "Defendants") and alleges as follows:

**PRELIMINARY STATEMENT**

      1.     Plaintiff brings this action on behalf of herself and all similarly-situated current and former employees of Defendants who were compensated at a rate of less than

the applicable Arizona and federal minimum wage on account of receiving tips in a given workweek.

2.    Plaintiff, individually, and on behalf of all others similarly-situated, brings this action against Defendants for their unlawful failure to pay minimum wage in violation of the Fair Labor Standards Act, 29 U.S.C. § 201-219 (the "FLSA").

3.    Plaintiffs, individually, and on behalf of all others similarly-situated, bring this action against Defendants for their unlawful failure to pay minimum wage and wages due and owing Plaintiffs and others similarly-situated in violation of Arizona Wage Act, Arizona Revised Statutes ("A.R.S.") §§ 23-350, et. seq., and the Arizona Minimum Wage Act, A.R.S. § 23-363, et seq.

4.    Plaintiff brings a collective action under the FLSA to recover the unpaid minimum wages, overtime wages, and other damages under Federal law owed to her individually and on behalf of all other similarly-situated employees, current and former, of Defendants. Members of the Collective Action are referred to as the "Collective Members."

5.    Additionally, Defendants' failure to compensate Plaintiff and all other non-exempt employees at a rate equal to Arizona's required minimum wage violates the Arizona Wage Act, A.R.S. § 23-350, et. seq., and the Arizona Minimum Wage Act, A.R.S. § 23-363, et. seq. Plaintiff, therefore, brings a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure to recover unpaid minimum wages, overtime wages, and other damages owed under Arizona wage laws. Members of the Rule 23 Class Action are referred to as the "Class Members."

-2-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

6.      The Collective Members are all current and former tipped workers who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

7.      The Class Members are all current and former tipped workers who were employed by Defendants at any time starting three years before this Complaint was filed, up to the present.

8.      This is an action for unpaid wages, liquidated damages, attorneys' fees, costs, and interest under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, et seq., the Arizona Minimum Wage Act ("AMWA"), Arizona Revised Statutes ("A.R.S."), and the Arizona Wage Act ("AWA"), A.R.S. Title 23, Chapter 8.

9.      The FLSA was enacted "to protect all covered workers from substandard wages and oppressive working hours." Barrentine v. Ark Best Freight Sys. Inc., 450 U.S. 728, 739 (1981).  Under the FLSA, employers must pay all non-exempt employees a minimum wage of pay for all time spent working during their regular 40-hour workweeks.  See 29 U.S.C. § 206(a).  Under the FLSA, employers must pay all non-exempt employees one and one-half their regular rate of pay for all hours worked in excess of 40 hours in a workweek.  See 29 U.S.C § 207.

10.     Under the FLSA, employers must inform their tipped employees of the provisions of 29 U.S.C. § 203(m) and its supporting regulations in order to be able to take a tip credit with respect to their employees' wages.

11.     The AMWA, A.R.S § 23-363, et seq., establishes a minimum wage within the State of Arizona.  A.R.S. § 23-363 recognizes that, under certain circumstances,

employers may impose a maximum tip credit on the wages of their tipped employees of $3.00 per hour.

12.     The AWA, A.R.S § 23-350, et seq., establishes the law regarding the payment of wages within the State of Arizona.

13.     Under the tip-credit provisions of the FLSA, an employer of tipped employees may, under certain circumstances, pay those employees less than the minimum hourly wage and take a "tip credit" against its minimum wage obligations.  But an employer is *not* permitted to take a tip credit against its minimum wage obligations when it fails to inform tipped employees of the provisions of the tip-credit subsection of the FLSA.  *See, e.g.,* 29 U.S.C. § 203(m) (the tip credit provision "shall not apply with respect to any tipped employee unless such employee has been informed by the employer of the provisions of this subsection").

14.     Arizona law establishes a minimum wage within the State of Arizona and recognizes that, under certain circumstances, employers may impose a maximum tip credit on the wages of their tipped employees of up to three dollars ($3.00).

15.     The FLSA, in turn, requires that employers comply with any State law that establishes a higher minimum wage than that established by the FLSA.  *See* 29 U.S.C. § 218(a).  Therefore, federal law requires that all Arizona employers comply with the minimum wage standards set forth by Arizona law and limits the maximum allowable tip credit to three dollars ($3.00).  *See Hanke v. Vinot Pinot Dining LLC*, Case No. 2:15-cv-01873-SMM, Dkt. 51, at 4:6-11 (D. Ariz. March 21, 2018) ("both the FLSA and AWA allow Arizona employers to take a maximum tip credit of $3.00 against their minimum

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

-4-

wage obligations to "tipped" employees"); *see also Montijo v. Romulus, Inc.*, 2015 WL 1470128, at *5 n. 4 (D. Ariz. March 30, 2015) (same).

16.     The FLSA, 29 U.S.C. § 207, requires that employers pay non-exempt employees one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek.  An employer of tipped employees who imposes a tip credit upon the wages of those tipped employees must pay, at minimum, one and one-half times the full, applicable minimum wage, less the available tip credit, to those employees for all time they spend working in excess of 40 hours in a given workweek.

17.     The FLSA specifically prohibits an employer from calculating a tipped employee's overtime rate at one and one-half times that employee's sub-minimum-wage hourly rate of pay.  29 C.F.R. § 531.60.  *See also Inclan v. New York Hospitality Group, Inc.*, 95 F.Supp.3d 490, 498-99 (S.D.N.Y. March 26, 2015).

18.     For example, the Arizona minimum wage in 2019 is $11.00.  If an employer of tipped employees has satisfied its tip credit obligations, it may impose a tip credit on that rate of up $3.00 per hour, for a total minimum hourly rate of $8.00.

19.     In order for an employer of tipped employees to calculate the proper overtime rate, such employer must multiply $11.00 by one and one-half, for a total minimum overtime wage of $16.50.  If that employer has satisfied its tip credit obligations, it may impose a tip credit on that overtime rate of up $3.00 per hour, for a total minimum overtime hourly rate of $13.50.

20.     If an employer were to instead calculate its tipped employees' overtime rate by multiplying the tip credit rate of pay of $8.00 by one and one-half times, for a total

rate of $12.00, such a calculation would be improper, and would have the effects of: (1) increasing the tip credit imposed by the employer beyond the permissible $3.00 to $4.50 hourly, and (2) imposing two separate and distinct tip credits upon the tipped employees.

21.    Defendants did not notify Plaintiffs, or any of the Collective Members, of the provisions of 29 U.S.C. § 203(m) and its supporting regulations before imposing a tip credit on their wages.

22.    Therefore, Defendants did not pay Plaintiffs or the Collective Members the applicable federal or Arizona minimum wage, in violation of 29 U.S.C. § 206 and A.R.S. § 23-363, and were precluded from exercising a tip credit against Plaintiffs' and Collective Members' wages.

23.    Defendants, intending to exercise a tip credit against Plaintiffs' and the Class Members' wages, did not provide written notice to Plaintiffs or the Class Members prior to exercising the tip credit, in violation of Arizona Administrative Code ("A.A.C.") provision § R20-5-1207 and A.R.S. Title 23. Thereafter, Defendants did not notify Plaintiffs or the Class Members in writing each pay period of the amount per hour that Defendants took as a tip credit, in violation of A.A.C. § R20-5-1207 and A.R.S. Title 23.

24.    Therefore, Defendants were precluded from exercising a tip credit against Plaintiffs' and the Class Members' wages.

## JURISDICTION AND VENUE

25.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 201, *et seq*. because this civil action arises under the Constitution and law of the United States.  This Court also has subject matter jurisdiction pursuant 28 U.S.C. §

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

1367 because the state law claims asserted herein are so related to claims in this action over which this Court has subject matter jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

26.    Venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(ii) because acts giving rise to the claims of Plaintiff occurred within the District of Arizona, and Defendants regularly conduct business in and have engaged in the wrongful conduct alleged herein – and, thus, are subject to personal jurisdiction in – this judicial district.

## **PARTIES**

27.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

28.    At all material times, Plaintiff is an individual residing in Maricopa County, Arizona, and is a former employee of Defendants.

29.    At all material times, Plaintiff was employed by Defendants and paid as tipped employees.  Defendants employed Plaintiff to perform hospitality-related duties, such as serving food and drinks, waiting on customers, and various other tipped and non-tipped labor.

30.    At all material times, Plaintiff was an employee of Defendants as defined by the FLSA, 29 U.S.C. § 203(e)(1) and was a non-exempt employee under 29 U.S.C. § 213(a)(1).

31.    Plaintiff have given her written consent to be party Plaintiffs in this action pursuant to 29 U.S.C. § 216(b), a true and accurate copy of which is attached to this Complaint as "**Exhibit A**."

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

32.     At all material times, Plaintiff was an employee of Defendants as defined in A.R.S. § 23-350(2).

33.     Plaintiff brings this action on behalf of herself and on behalf of all other persons similarly situated who are current or former tipped employees of Defendants who agree in writing to join this action seeking recovery under the FLSA.

34.     Plaintiff brings this action on behalf of herself and on behalf of all other similarly situated current and former employees of Defendants–specifically, employees whose hourly wages were subject to a tip credit and whose wages, therefore, were less than the applicable statutory minimum wage.

35.     At all material times, Defendant John Jacobs Golf School Inc. was a corporation duly licensed to transact business in the State of Arizona.  At all material times, Defendant John Jacobs Golf School Inc. does business, has offices, and/or maintains agents for the transaction of its customary business in Maricopa County, Arizona.

36.     At all material times, Defendant John Jacobs Golf School Inc. does business as "John Jacobs Golf School."

37.     At all relevant times, Plaintiff was an employee of Defendant John Jacobs Golf School Inc.  At all relevant times, Defendant John Jacobs Golf School Inc., acting through its agents, representatives, employees, managers, members, and/or other representatives had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment

-8-

with Defendants.  In any event, at all relevant times, Defendant John Jacobs Golf School Inc. was an employer subject to the FLSA and employed Plaintiff.

38.    At all relevant times, Defendant John Jacobs Golf School Inc. is an employer under the FLSA.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendant John Jacobs Golf School Inc. had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As a person who acted in the interest John Jacobs Golf School Inc. in relation to the company's employees, Defendant John Jacobs Golf School Inc. is subject to liability under the FLSA.

39.    Defendants Shelby Futch and Jane Doe Futch are, upon information and belief, husband and wife.  They have caused events to take place giving rise to this action as to which their marital community is fully liable.  Defendants Shelby Futch and Jane Doe Futch are the owners of Defendant John Jacobs Golf School, Inc. and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

40.    Under the FLSA, Defendants Shelby Futch and Jane Doe Futch are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendants Shelby Futch and Jane Doe Futch are the owners of Defendant John Jacobs Golf School Inc.  They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Shelby Futch and Jane Doe Futch are subject to individual liability under the FLSA.

41.     Defendants Gordon Petrie and Jane Doe Petrie are, upon information and belief, husband and wife.  They have caused events to take place giving rise to this action as to which their marital community is fully liable.  Defendants Gordon Petrie and Jane Doe Petrie are the owners of Defendant John Jacobs Golf School, Inc. and were at all relevant times Plaintiff's employers as defined by the FLSA, 29 U.S.C. § 203(d).

42.     Under the FLSA, Defendants Gordon Petrie and Jane Doe Petrie are employers.  The FLSA defines "employer" as any person who acts directly or indirectly in the interest of an employer in relation to an employee.  Defendants Gordon Petrie and Jane Doe Petrie are the owners of Defendant John Jacobs Golf School Inc.  They had the authority to hire and fire employees, supervised and controlled work schedules or the conditions of employment, determined the rate and method of payment, and maintained employment records in connection with Plaintiff's employment with Defendants.  As persons who acted in the interest of Defendants in relation to the company's employees, Gordon Petrie and Jane Doe Petrie are subject to individual liability under the FLSA.

43.     Plaintiff is further informed, believes, and therefore alleges that each of the Defendants herein gave consent to, ratified, and authorized the acts of all other Defendants, as alleged herein.

44.     Defendants, and each of them, are sued in both their individual and corporate capacities.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

45.     Defendants are jointly and severally liable for the injuries and damages sustained by Plaintiff.

46.     At all relevant times, Plaintiff and the Collective Members were "employees" of John Jacobs Golf School Inc., Shelby Futch and Jane Doe Futch, and Gordon Petrie and Jane Doe Petrie as defined by the FLSA, 29 U.S.C. § 201, *et seq.*

47.     At all relevant times, Plaintiffs and the Class Members were "employees" of Defendants as defined by A.R.S. § 23-350(2).

48.     The provisions set forth in the FLSA, 29 U.S.C. § 201, *et seq.*, apply to John Jacobs Golf School Inc., Shelby Futch and Jane Doe Futch, and Gordon Petrie and Jane Doe Petrie.

49.     At all relevant times, John Jacobs Golf School Inc., Shelby Futch and Jane Doe Futch, and Gordon Petrie and Jane Doe Petrie were and continue to be "employers" as defined by FLSA, 29 U.S.C. § 201, *et seq.*

50.     At all relevant times, Defendants were and continue to be "employers" as defined by A.R.S. § 23-350(3).

51.     The provisions set forth in the A.R.S. Title 23, Articles 7 and 8 apply to Defendants.

52.     At all relevant times, Plaintiff and the Class Members were "employees" of Defendants as defined by A.R.S. § 23-362.

53.     At all relevant times, Defendants were and continue to be "employers" as defined by A.R.S. § 23-362.

54.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's and the Collective Members' and the Class Members' work and wages at all relevant times.

55.     Plaintiff, the Collective Members, and the Class members, in their work for Defendants, were employed by an enterprise engaged in commerce that had annual gross sales of at least $500,000.

56.     At all relevant times, Plaintiff, the Collective Members, and the Class Members, in their work for Defendants, were engaged in commerce or the production of goods for commerce.

57.     At all relevant times, Plaintiff, the Collective Members, and the Class Members, in their work for Defendants, were engaged in interstate commerce.

58.     At all relevant times, Plaintiff, the Collective Members, and the Class Members, in their work for Defendants, regularly handled goods produced or transported in interstate commerce.

## **NATURE OF THE CLAIM**

59.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

60.     Defendants own and/or operate as John Jacobs Golf School Inc., an enterprise located in Maricopa County, Arizona.

61.     Plaintiff was hired by Defendants and worked for Defendants between approximately December 1, 2015 through approximately September 1, 2018.

-12-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

62.     Rather than pay their employees the full minimum wage, Defendants imposed a tip credit upon all of their tipped employees, including Plaintiff, the Collective Members, and the Class Members.

63.     Defendants violated the FLSA by paying their tipped employees, including Plaintiff and the Collective Members, sub-minimum, tip-credit wages without informing them of the tip-credit provisions of the FLSA.

64.     As a result of their failure to inform Plaintiff and the Collective Members of the tip-credit provisions of 29 U.S.C. § 203(m), Defendants were not entitled to impose any tip credit upon Plaintiffs' wages under Arizona or Federal law, and Defendants should have therefore paid the full Arizona minimum wage to Plaintiff and the Collective Members for all hours worked during the course of their regular 40-hour workweeks.

65.     Therefore, in a given workweek, and during each and every workweek of Plaintiffs' and the Collective Members' employment with Defendants, Plaintiffs and the Collective Members worked for Defendants and were not paid the applicable minimum wage under the FLSA 29, U.S.C. § 206(a).

66.     As such, the full applicable minimum wage for such time is owed to Plaintiff and the Collective Members for the entire time they were employed by Defendants.

67.     Defendants violated the Arizona law by paying their tipped employees, including Plaintiff and the Class members, sub-minimum, tip-credit wages without

informing them in writing of the tip-credit provisions of Arizona law prior to exercising the tip credit pursuant to the Arizona Administrative Code (A.A.C.) R20-5-1207(c).

68. As a result of their failure to inform Plaintiff and the Class Members of Arizona law's tip-credit provisions, Defendants were not entitled to impose any tip credit upon Plaintiffs' wages under Arizona or Federal law, and Defendants should have therefore paid the full Arizona minimum wage to Plaintiff and the Class Members for all hours worked during the course of their regular 40-hour workweeks.

69. Therefore, in a given workweek, and during each and every workweek of Plaintiffs and the Class Members employment with Defendants, Plaintiffs and the Class Members worked for Defendants and were not paid the applicable minimum wage under A.R.S. § 23-363.

70. As such, the full applicable minimum wage for such time is owed to Plaintiff and the Class Members for the entire time they were employed by Defendants.

71. Furthermore, Defendants subjected Plaintiff and the Collective Members to their policy of calculating their tipped employees' overtime rate by multiplying the applicable tip credit rate of pay by one and one-half times, rather than multiplying the full applicable minimum wage by one and one-half and then subtracting the available tip credit.

72. Therefore, Defendants subjected Plaintiff to their policy of not paying one and one-half times their regular rates of pay for all time worked in excess of 40 hours in a given workweek, in violation of 29 U.S.C. § 207. Such a practice resulted in Defendants

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

imposing a tip credit upon Plaintiffs and the Collective Members that exceeded the permissible $3.00 per hour in 2018 under Arizona law and the FLSA.

73.     Specifically, During the pay period outlined in Exhibit B, Plaintiff worked for 77.38 hours at an hourly rate of $7.50 and 11.80 hours at an "overtime" rate of $11.25.  This means that Defendants imposed a tip credit upon Plaintiff's wages of $3.00 per hour for the 77.38 that Plaintiff worked that Defendants did not consider overtime. For the 11.80 hours Plaintiff worked at an "overtime premium, rather than calculating Plaintiff's overtime rate by multiplying the applicable minimum wage rate ($10.50) by one and one-half and subtracting the tip credit for a proper total of $12.75, Defendants subtracted the maximum available tip cred of $3.00 from the $10.50 Arizona minimum wage rate, for a total of $7.50, and multiplied $7.50 by one and one-half times for a total "overtime" wage rate of $11.25.

74.     Moreover, Defendants' improper manner and method of paying Plaintiff overtime remained constant throughout the entire duration of her employment.

75.     Therefore, Defendants, in paying an "overtime" premium to Plaintiff, effectively imposed two separate tip credits on Plaintiff's wages" (1) Defendants imposed a $3.00 per hour tip credit on Plaintiff's straight time rate; and (2) Defendants imposed a tip credit of $4.50 per hour for all time that Plaintiff spent working in excess of 40 hours in a given workweek.

76.     Plaintiff believes and therefore claims that Defendants subjected each and every tipped employee that they employed, including Plaintiff and the Collective

Members, to its policy and specific course of conduct of not informing their tipped employees of the provisions of 29 U.S.C. § 203(m) and its supporting regulations.

77.     Plaintiffs believe and therefore claim that Defendants subjected each and every tipped employee that they employed, including Plaintiff and the Class Members, to their policy and specific course of conduct of not providing written notice to Plaintiff or the Class Members prior to exercising the tip credit, in violation of Arizona Administrative Code ("A.A.C.") provision § R20-5-1207 and A.R.S. Title 23.

78.     Plaintiff believes and therefore claims that Defendants subjected each and every tipped employee that they employed, including Plaintiff and the Collective Members, to its policy and specific course of conduct of not paying an overtime premium to its tipped employees that complied with the FLSA and Arizona law.

79.     Plaintiff, the Collective Members, and the Class Members were non-exempt employees.

80.     Plaintiff and the Collective Members are covered employees within the meaning of the Fair Labor Standards Act ("FLSA").

81.     Plaintiff and the Class Members are covered employees within the meaning of the AMWA.

82.     Defendants refused and/or failed to properly disclose to or apprise Plaintiff and the Collective Members of their rights under the FLSA.

83.     Defendants wrongfully withheld wages from Plaintiff and the Collective Members by failing to pay all wages due for hours worked by Plaintiff, the Collective Members, and the Class Members.

84.     Defendants individually and/or through an enterprise or agent, directed and exercised control over Plaintiff's, the Collective Members', and the Class Members' work and wages at all relevant times.

85.     Due to Defendants' illegal wage practices, Plaintiff and the Collective Members are entitled to recover from Defendants compensation for unpaid minimum wages, an additional equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

86.     Due to Defendants' illegal wage practices, Plaintiff and the Class Members are entitled to recover from Defendants compensation for unpaid minimum wages, an additional amount equal to twice the amount of unpaid wages as liquidated damages, interest, and reasonable attorney's fees and costs of this action under A.R.S. § 23-364.

87.     Due to Defendants' illegal wage practices, Plaintiff and the Collective Members are entitled to recover from Defendants compensation for unpaid overtime wages, an additional equal amount as liquidated damages, interest, and reasonable attorney's fees and costs of this action under 29 U.S.C. § 216(b).

## COLLECTIVE ACTION ALLEGATIONS

### A.     FLSA COLLECTIVE MEMBERS:

88.     Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

89.     Plaintiff brings this action pursuant to 29 U.S.C. § 216(b) on her own behalf and as a representative of individuals similarly situated who are current or former tipped employees of Defendants.

90.     At all times material, Defendants paid Plaintiff and the Collective Members at a rate of less than the full, applicable Arizona and federal minimum wage.

91.     Defendants did not inform Plaintiff and the Collective Members of the provisions of 29 U.S.C. § 203(m) and its supporting regulations prior to imposing a tip credit upon their wages, in violation of 29 U.S.C. § 206(a).

92.     Defendants failed to compensate Plaintiff and the Collective Members one and one-half times their regular rates of pay for all hours worked in excess of 40-hours in a given workweek, in violation of 29 U.S.C. § 207(a).

93.     At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully not informing Plaintiff and the Collective Members of the provisions of 29 U.S.C. § 203(m) and its supporting regulations prior to imposing a tip credit upon their wages.

94.     At all relevant times, Plaintiff and the Collective Members are and have been similarly situated, have had substantially similar job requirements and pay provisions, and are and have been subject to Defendants' decision, policy, plan, and common programs, practices, procedures, protocols, routines, and rules of willfully not compensating Plaintiff and the Collective Members at a rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a given workweek.

95.     Plaintiff's claims stated in this complaint are essentially the same as those of the Collective Members. This action is properly maintained as a collective action

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

because in all pertinent aspects the employment relationship of individuals similarly situated to Plaintiff is identical or substantially similar.

96.     Plaintiff and the Collective Members were each compensated exclusively on an hourly basis for the duration of their employment with Defendants.

97.     Additionally, Defendants did not inform Plaintiff and the Collective Members of the provisions of 29 U.S.C. § 203(m) and its supporting regulations at any time prior to taking the tip credit and at any time over the duration of their employment with Defendants. As such, Defendants were not entitled to impose any tip credit upon Plaintiff's or the Collective Members' wages and, consequently, paid Plaintiff and the Collective Members less than the applicable minimum wage, in violation of 29 U.S.C. § 206 and A.R.S. § 23-363. Defendants should have therefore paid the full applicable, Arizona minimum wage to Plaintiff and the Collective Members for all time that they worked during the course of their regular 40-hour workweeks. As such, the full applicable minimum wage for such time is owed to Plaintiff and the Collective Members for the entire time they were employed by Defendants.

98.     Defendants did not inform Plaintiff and the Collective Members of the amount of cash wage the Defendants were paying Plaintiff and the Collective Members.

99.     Defendants did not inform Plaintiff and the Collective Members of the additional amount claimed by Defendant as a tip credit.

100.   Defendants did not inform Plaintiff and the Collective Members that the tip credit claimed by Defendants cannot exceed the amount of tips actually received by Plaintiff and the Collective Members.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

101.    Defendants did not inform Plaintiff and the Collective Members that all tips received by Plaintiff and the Collective Members were to be retained by Plaintiff and the Collective Members except for a valid tip pooling arrangement limited to employees who customarily and regularly receive tips.

102.    Defendants did not inform Plaintiff and the Collective Members that the tip credit would not apply to any tipped employee unless the tipped employee had been informed of the tip credit provisions of 29 U.S.C. § 203(m) and its supporting regulations.

103.    Additionally, Defendants did not compensate Plaintiff and the Collective Members one and one-half times their regular rate of pay for all hours worked in excess of 40 hours in a given workweek. Rather than calculating Plaintiff and the Collective Members' overtime rates by multiplying the full applicable Arizona minimum wage by one and one-half, Defendants reduced Plaintiff's and the Collective Members' cash wage by the maximum tip-credit allowed ($3.00 per hour) and multiplied the sub-minimum wage by one and one-half times, effectively resulting in Defendants' taking a tip credit of $4.50 per hour for all hours Plaintiff and the Collective Members worked in excess of 40 hours in a given workweek.

104.    The Collective Members perform or have performed the same or similar work as Plaintiff.

105.    Defendants' failure to pay minimum wage and overtime compensation required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of Plaintiff or the Collective Members.

106.   The specific job titles or precise job responsibilities of each Collective Member does not prevent collective treatment.

107.   All Collective Members, irrespective of their particular job requirements and job titles, are entitled to proper minimum wage compensation for all hours worked in a given workweek.

108.   All Collective Members, irrespective of their particular job requirements and job titles, are entitled to proper overtime wage compensation for all hours worked in excess of 40 hours in a given workweek.

109.   Although the exact amount of damages may vary among the Collective Members, the damages for the Collective Members can be easily calculated by a simple formula. The claims of all Collective Members arise from a common nucleus of facts. Liability is based on a systematic course of wrongful conduct by the Defendants that caused harm to all of the Collective Members.

110.   As such, Plaintiff brings her FLSA minimum wage and overtime claims as a collective action on behalf of the following class:

**The FLSA Collective Members are all of Defendants' current and former tipped employees who were paid an hourly rate of less than the Arizona minimum wage on account of their receiving tips, starting <u>three years before this lawsuit was filed up to the present</u>.**

111.   Defendants' unlawful conduct, as described in this Collective Action Complaint, is pursuant to Defendants' corporate policy or practice of minimizing labor costs by refusing and/or failing to properly compensate its employees according to the FLSA.

112.   Defendants are aware or should have been aware that federal law required them to inform their servers and bartenders–namely, Plaintiffs and the Collective Members–of the tip credit provisions of the FLSA, 29 U.S.C. § 203(m) prior to imposing a tip credit upon their wages.

113.   Defendants are aware or should have been aware that federal law required them to compensate their tipped employees–namely, Plaintiff and the Collective Members–at a rate of one and one-half times their regular rates of pay for all hours worked in excess of 40 hours in a given workweek.

114.   Defendants' unlawful conduct has been widespread, repeated, and consistent.

115.   This action is properly brought and maintained as an opt-in collective action pursuant to 29 U.S.C. § 216(b).

116.   Upon information and belief, the individuals similarly situated to Plaintiff include more than fifty (50) employees currently and/or formerly employed by Defendants, and Plaintiff is unable to state the precise number of similarly-situated employees because that information is solely in Defendants' possession, custody, or control, but it can be readily ascertained from their employment records and the records of Defendants' payroll processor.

117.   Notice can be provided to the Collective Members by First Class Mail to the last address known to Defendants, via email at the last known email address known to Defendants, and by text message to the last known telephone number known to Defendants.

## B.    RULE 23 ARIZONA CLASS MEMBERS.

118.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

119.    Plaintiff brings her Arizona wage claims as a Rule 23 class action on behalf of the following Class Members:

> **The Class Members are all of Defendants' current and former tipped employees who were paid an hourly rate of less than the Arizona minimum wage on account of their receiving tips, starting <u>three years before this lawsuit was filed up to the present</u>.**

120.    <u>Numerosity</u>. The number of Class Members is believed to be fifty. This volume makes bringing the claims of each individual Class Member before this Court impracticable. Likewise, joining each individual Class Member as a plaintiff in this action is impracticable. Furthermore, the identity of the Class Members will be determined from Defendants' records, as will the compensation paid to each of them. As such, a class action is a reasonable and practical means of resolving these claims. To require individual actions would prejudice the Class Members and Defendants.

121.    <u>Typicality</u>. Plaintiff's claims are typical of the Class Members because like the Class Members, Plaintiff was subject to Defendants' uniform policies and practices and was compensated in the same manner as the other Class Members.  Defendants did not inform Plaintiff or the Class Members of the provisions of 29 U.S.C. § 203(m) and its supporting regulations, nor did Defendants provide written notice to Plaintiff or the Class Members prior to exercising the tip credit, in violation of A.A.C. § R20-5-1207 and A.R.S. Title 23.  As a result of such failure by Defendants to inform Plaintiff and the

Class Members of these provisions, Defendants could not have paid less than the Arizona minimum wage rate and still complied with state law.

122. <u>Adequacy</u>. Plaintiff is a representative party who will fairly and adequately protect the interests of the Class Members because it is in their interest to effectively prosecute the claims in this Complaint in order to obtain the unpaid wages and penalties required under Arizona law. Plaintiff has retained an attorney who is competent in both class actions and wage and hour litigation. Plaintiff does not have any interest that may be contrary to or in conflict with the claims of the Class Members she seeks to represent.

123. <u>Commonality</u>. Common issues of fact and law predominate over any individual questions in this matter. The common issues of fact include, but are not limited to:

     a. Whether Defendants failed to inform Plaintiff and the Class Members of the provisions of 29 U.S.C. § 203(m) and its supporting regulations;

     b. Whether Defendants provided written notice to Plaintiff or the Class Members prior to exercising the tip credit, as required by A.A.C. § R20-5-1207 and A.R.S. Title 23;

     c. Whether Defendants failed to pay Plaintiff and the Class Members the minimum wage for all hours worked;

124. Common issues of law include, but are not limited to:

     a. Whether Defendants properly paid all minimum wages due and owing to Plaintiff and the Class Members;

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

b.   Whether Defendants were entitled to impose a tip credit on the wages of Plaintiff and the Class Members;

c.   Whether Plaintiff and the Class Members are entitled to compensatory damages;

d.   The proper measure of damages sustained by Plaintiff and the Class Members; and

e.   Whether Defendants' actions were "willful."

125.   <u>Superiority</u>. A class action is superior to other available means for the fair and efficient adjudication of this lawsuit. Even in the event any of the Class Members could afford to pursue individual litigation against companies the size of Defendants, doing so would unduly burden the system. Individual litigation would magnify the delay and expense to all parties and burden the court system with duplicative lawsuits. Prosecution of separate actions by individual Class Members would create the risk of inconsistent or varying judicial results and establish incompatible standards of conduct for Defendants.

126.   A class action, by contrast, presents far fewer management difficulties and affords the benefits of uniform adjudication of the claims, financial economy for the parties, and comprehensive supervision by a single court and Judge. By concentrating this litigation in one forum, judicial economy and parity among the claims of individual Class Members are promoted. Additionally, class treatment in this matter will provide for judicial consistency. The identities of the Class Members are readily identifiable from Defendants' records.

127.    This type of case is well-suited for class action treatment because: (1) Defendants' practices, policies, and/or procedures were uniform; (2) the burden is on each Defendant to prove it properly compensated its employees; (3) the burden is on each Defendant to accurately record hours worked by employees; and (4) the burden is on each Defendant to prove it properly imposed the tip credit upon its employees.

128.    Ultimately, a class action is a superior forum to resolve the Arizona state law claims set forth in this Complaint because of the common nucleus of operative facts centered on the continued failure of Defendants to pay Plaintiffs and the Class Members according to applicable Arizona laws.

129.    <u>Nature of Notice to be Proposed</u>. As to the Rule 23 Class Members, it is contemplated that notice would be issued giving putative class members an opportunity to opt out of the class if they so desire, *i.e.* an "opt-out notice." Notice of the pendency and resolution of the action can be provided to the Class Members by mail, electronic mail, print, broadcast, internet, and/or multimedia publication.

## **DAMAGES**

130.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

131.    Plaintiff, the Collective Members, and the Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the federally mandated minimum wage rate.

132.    Plaintiff and the Collective Members are entitled to recover compensation for the hours they worked in excess of 40 hours in a given workweek for which they were not paid one and one-half times their regular rate of pay.

133.    Plaintiff and the Class Members are entitled to recover compensation for the hours they worked for which they were not paid at the Arizona mandated minimum wage rate.

134.    Plaintiff and the Collective Members are also entitled to an amount equal to all of their unpaid wages as liquidated damages. 29 U.S.C. § 216(b).

135.    Plaintiff and the Collective Members are also entitled to recover their attorney's fees and costs as required by the FLSA. 29 U.S.C. § 216(b).

136.    Plaintiffs and the Class Members are entitled to an amount equal to wages owed, interest thereon, and an additional amount equal to twice the underpaid wages. A.R.S. § 23-364(G).

137.    Plaintiffs and the Class members are entitled to recover attorney's fees and costs under A.R.S. § 23-364(G).

### FLSA, 29 U.S.C § 216(b), COLLECTIVE ACTION CLAIMS

### COUNT ONE: FAIR LABOR STANDARDS ACT
### FAILURE TO PROVIDE TIP CREDIT NOTICE

138.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

139.    Defendants did not inform Plaintiff and the Collective Members of the provisions of the "tip credit" and 29 U.S.C. § 203(m) and its supporting regulations.

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

140.    Defendants therefore did not pay Plaintiff and the Collective Members the applicable minimum wage according to the provisions of the FLSA for each and every workweek that Plaintiffs and the Collective Members worked for Defendants, for the duration of their employment, in violation of 29 U.S.C. § 206(a).

141.    As such, full applicable minimum wage for such time Plaintiff and the Collective Members worked is owed to Plaintiff and the Collective Members for the entire time they were employed by Defendants.

142.     Defendants knew that – or acted with reckless disregard as to whether – their failure to pay to Plaintiff and the Collective Members the full minimum wage over the course of their employment would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff's and the Collective Members' employment. As such, Defendants' conduct constitutes a willful violation of the FLSA.

143.    Plaintiff and the Collective Members are therefore entitled to compensation for the full minimum wage at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, reasonable attorney's fees, and costs.

WHEREFORE, Plaintiff, Victoria Schuller, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one or more of the following acts:

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

i.    violated minimum wage provisions of the FLSA, 29 U.S.C. § 206, by failing to pay proper minimum wages;

ii.    willfully violated minimum wage provisions of the FLSA, 29 U.S.C. § 206;

B.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), in amounts to be determined at trial;

C.    For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.    For the Court to award Plaintiffs' and the Collective Members' reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth in this Complaint;

E.    For the Court to provide reasonable incentive awards for Plaintiff to compensate her for the time she spent attempting to recover wages for the Collective Members and for the risks they took in doing so; and

F.    Such other relief as this Court deems just and proper.

### COUNT TWO: FAIR LABOR STANDARDS ACT FAILURE TO PAY PROPER OVERTIME RATE

144.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

145.    Plaintiff and the Collective Members were non-exempt employees entitled to the statutorily mandated overtime wages.

146.    In a given workweek, Defendants failed to pay Plaintiff and the Collective Members one and one-half times the applicable regular rate of pay for all hours worked in excess of 40 hours per week.

147.    As a result of Defendants' willful failure to pay Plaintiff and the Collective Members one and one-half times the applicable regular rate for all hours worked in excess of 40 hours per week, Defendants did not pay Plaintiff and the Collective Members the applicable overtime rate for all hours worked for the duration of their employment, in violation of 20 U.S.C. § 207.

148.    As a result of Defendants' willful failure to compensate Plaintiff and the Collective Members the applicable overtime rate for all hours worked, Defendants violated the FLSA.

149.    As such, the full applicable overtime rate is owed for all hours that Plaintiff and the Collective members worked in excess of 40 hours per week.

150.    Defendants knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and the Collective Members the proper overtime rate would violate federal and state law, and Defendants were aware of the FLSA minimum wage requirements during Plaintiff and the Collective Members' employment with Defendants. As such, Defendants' conduct constitutes a willful violation of the FLSA.

151.    Defendants have and continue to willfully violate the FLSA by not paying Plaintiff and the Collective members a wage equal to one and one-half times the applicable regular rate of pay for all time Plaintiff and the Collective Members spent working for Defendants.

152.    Plaintiff and the Collective Members are therefore entitled to compensation for the difference between wages paid and the applicable overtime rate for all hours worked in excess of 40 per week at an hourly rate, to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney fees.

**WHEREFORE**, Plaintiff, Victoria Schuller, individually, and on behalf of all other similarly situated persons, requests that this Court grant the following relief in Plaintiff's and the Collective Members' favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one of more of the following acts:

   i.    Violated overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages;

   ii.    Willfully overtime provisions of the FLSA, 29 U.S.C. § 207, by failing to pay proper overtime wages;

B.    For the Court to award Plaintiff's and the Collective Members' unpaid overtime wage damages, to be determined at trial;

C.    For the Court to award compensatory damages, including liquidated damages pursuant to 29 U.S.C. § 216(b), to be determined at trial;

D.    For the Court to award prejudgment and post-judgment interest;

E.    For the Court to award Plaintiff and the Collective Members reasonable attorneys' fees and costs of the action pursuant to 29 U.S.C. § 216(b) and all other causes of action set forth herein;

-31-

BENDAU & BENDAU PLLC
P.O. Box 97066
Phoenix, AZ 85060

F.      For the Court to provide reasonable incentive awards to Plaintiff to compensate her for the time she spent attempting to recover wages for the Collective Members and for the risks she took in doing so; and

G.      Such other relief as this Court shall deem just and proper.

**FED. R. CIV. P. 23 CLASS CLAIM**

**COUNT THREE: ARIZONA MINIMUM WAGE ACT
FAILURE TO PROVIDE TIP-CREDIT NOTICE**

153.    Plaintiff realleges and incorporates by reference all allegations in all preceding paragraphs.

154.    Defendants failed to inform Plaintiff and the Class Members of the provisions of the "tip credit" and 29 U.S.C. § 203(m) and its supporting regulations. Therefore, Defendants were precluded from imposing a tip credit upon Plaintiff's and the Class Members' wages. As such, Defendants could not have paid less than the Arizona minimum wage rate and still complied with federal and state law.

155.    Defendants did not provide written notice to Plaintiff and the Class Members prior to exercising the tip credit, in violation of Arizona Administrative Code ("A.A.C.") provision § R20-5-1207 and A.R.S. Title 23. Thereafter, Defendants did not notify Plaintiffs or the Class Members in writing each pay period of the amount per hour that Defendants took as a tip credit, in violation of A.A.C. § R20-5-1207 and A.R.S. Title 23. Therefore, Defendants were precluded from exercising a tip credit against Plaintiff's and the Class Members' wages.

156.    As a result of such failure by Defendants, Defendants failed to pay the applicable Arizona minimum wage rate to Plaintiff and the Class Members for the entire duration of their employment, in violation of A.R.S. Title 23.

157.    Defendants knew that – or acted with reckless disregard as to whether – its failure to pay Plaintiff and the Class Members the applicable minimum wage rate would violate federal and state law, and Defendants were aware of the FLSA and Arizona minimum wage requirements during Plaintiff and the Class Members' employment with Defendants. As such, Defendants' conduct constitutes a willful violation of Arizona wage laws.

158.    Defendants have and continue to willfully violate Arizona wage laws by not paying Plaintiff and the Class Members the full applicable minimum wage rate for all time Plaintiff and the Class Members spent working for Defendants.

159.    Plaintiff and the Class Members are therefore entitled to compensation for the difference between wages paid and the applicable minimum wage rate for all hours worked, in amounts to be proven at trial, plus an additional equal amount as liquidated damages, together with interest, costs, and reasonable attorney's fees.

Plaintiff, Victoria Schuller, individually, and on behalf of all Class Members, requests that this Court grant the following relief in Plaintiff's and the Class Members' favor, and against Defendants:

A.    For the Court to declare and find that the Defendants committed one or more of the following acts:

i.      violated minimum wage provisions of A.R.S. § 23-363 by failing to pay proper minimum wages;

ii.     willfully violated minimum wage provisions of A.R.S. § 23-363 by failing to pay proper minimum wages;

B.      For the Court to award compensatory damages, including liquidated damages in an amount equal to twice the underpaid wages pursuant to A.R.S. § 23-364(G), in amounts to be determined at trial;

C.      For the Court to award prejudgment and post-judgment interest on any damages awarded;

D.      For the Court to award Plaintiff's and the Class Members' reasonable attorneys' fees and costs of the action pursuant to A.R.S. § 23-364(G) and all other causes of action set forth in this Complaint;

E.      For the Court to provide reasonable incentive awards for Plaintiff to compensate her for the time she spent attempting to recover wages for the Class Members and for the risks she took in doing so; and

F.      Such other relief as this Court deems just and proper.

## REQUEST FOR COLLECTIVE ACTION CERTIFICATION

As to Counts I and II of this Complaint, Plaintiff requests that the Court designate this action as a collective action on behalf of the FLSA Collective Members and promptly issue a notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of the FLSA opt-in class, apprising them of the pendency of this action, and permitting them to timely

-34-

assert FLSA claims in this action by filing individual Consent to Sue Forms pursuant to 29 U.S.C. § 216(b).

## **REQUEST FOR CLASS ACTION CERTIFICATION**

As to Count III of this Complaint, Plaintiff requests that the Court certify this action as a class action pursuant to Fed. R. Civ. P. 23(b)(3) and designate Plaintiff as class representative and their counsel as class counsel.

## **JURY TRIAL DEMAND**

Plaintiffs demand a trial by jury on all issues so triable.

RESPECTFULLY SUBMITTED this 11th day of April, 2019.

BENDAU & BENDAU PLLC

By: /s/ *Christopher J. Bendau*
Christopher J. Bendau
*Attorney for Plaintiff*

-35-